UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CHESTER HELDERMAN, on behalf of
himself and all others similarly situated,

        Plaintiff,

  v.

RENEE'S TRUCKING, DENNIS
MIDGETT, and JOYCE RENEE MIDGETT,

        Defendants.

Case No. 08-cv-141-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendants's Motion to Dismiss or Strike (Doc. 22) to which Plaintiff has Responded (Doc. 25). For the following reasons, the Court DENIES the Motion.

### BACKGROUND

For purposes of this motion, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (per curiam ) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). From 2005 to 2007, Plaintiff Chester Helderman[1] (Helderman) worked as a truck driver for Defendant Renee's Trucking, an unincorporated business owned by Defendants Dennis Midgett and Joyce Renee Midgett. Defendants are employers engaged in interstate commerce within the meaning of the Fair Labor Standards Act (FLSA), and have at all times had gross operating revenues in excess of five hundred thousand dollars.

As a truck driver for Renee's Trucking, Helderman routinely began his work day before

---

[1] For purposes of this motion, the Court focuses on the allegations of the named plaintiff. The Court will consider whether class certification is appropriate, and if so, who will comprise the class when it decides the pending motion to certify class.

his designated shift time and routinely continued working after his designated shift time had ended. This work time outside of his designated shift time was performed at the direction of or with the awareness of the management personnel of Renee's Trucking. Helderman was not compensated for the work he performed for Renee's Trucking outside of his designated shift times. Additionally, Helderman sometimes worked for Renee's Trucking in excess of forty hours a week. The total hours were comprised of a combination of designated shift times and work outside of designated work time. Sometimes Helderman's designated shift times alone constituted more than forty hours a week. Defendants did not compensate Helderman for his overtime work at the statutory overtime rate of time-and-a-half.

In addition, Defendants promised to pay Helderman twenty-five percent of the revenue per hour generated by his truck. Defendants did not pay Helderman the agreed upon bonuses. Helderman brought suit against Defendants alleging violations of the FLSA, the Illinois Minimum Wage Law, the Illinois Wage Payment and Collection Act, and for breach of contract. Defendants filed a motion to dismiss contending that truck drivers for Renee's Trucking fall within the Motor Carrier exemption to the FLSA. Therefore, Defendants contend, Helderman's FLSA claim should be dismissed for failure to state a claim for which relief can be granted. Defendants urge the Court, upon dismissing the only federal claim, to dismiss the pendant state claims as well. Finally, Defendants contend that Helderman's breach of contract claim is barred by the Illinois Statute of Frauds and should be dismissed on that ground as well.

**ANALYSIS**

For purposes of a motion to dismiss, the court must accept all factual allegations in the complaint as true and draw all reasonable inferences from those facts in favor of the plaintiff. *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007) (per curiam ) (quoting *Bell Atlantic Corp. v.*

2

*Twombly*, 127 S.Ct. 1955, 1965 (2007)); *Tricontinental Indus., Ltd. v. PricewaterhouseCoopers, LLP*, 475 F.3d 824, 833 (7th Cir.2007). The federal system of notice pleading requires only that the plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Therefore, the complaint need not allege detailed facts. *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir.2007).

However, in order to provide fair notice of the grounds for his claim, the plaintiff must allege sufficient facts "to raise a right to relief above the speculative level." *Id*. (quoting *Twombly*, 127 S.Ct. at 1965 (2007)) (internal quotations omitted). The complaint must offer "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 127 S.Ct. at 1965. The plaintiff's pleading obligation is to avoid factual allegations "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8." *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir.2007). However, "when a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, 127 S.Ct. at 1969 n. 8.

## I. Employees Exempt from FLSA

Defendants contend that the fact that all parties agree that Helderman was a truck driver and that Defendants are employers "engaged in interstate commerce" within the meaning of the FLSA constitutes an admission that Helderman is an employee exempt from the strictures of the FLSA under the Motor Carrier Exception to the FLSA.

The FLSA exempts from its overtime pay requirement "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours

of service pursuant to the provisions of section 31502 of Title 49" (the Motor Carrier Act). 29 U.S.C. § 213(b)(1). The Secretary has the power to establish qualifications of service and maximum hours of service over employees who are engaged in transportation in interstate or foreign commerce as defined in 49 U.S.C. §§ 13501 and 13502. "What constitutes such transportation in interstate or foreign commerce . . . is determined by definitions contained in the Motor Carrier Act. These definitions are, however, not identical with the definitions in the Fair Labor Standards Act which determine whether an employee is within the general coverage of the wage and hours provisions as an employee 'engaged in (interstate or foreign) commerce.'" 29 C.F.R. § 782.7(a).

Therefore, an employer trucking company may be engaged in interstate commerce as defined by the FLSA, but its drivers may not be engaged in transportation in interstate commerce as defined by the Motor Carrier Act such that they would fall within the Motor Carrier Exemption to the FLSA. Accordingly, the mere concession of all parties that Helderman is a driver and that Defendants engage in interstate commerce within the meaning of the FLSA is not equivalent to an admission by Helderman that, as a driver for Defendants, he engages in interstate commerce under the Motor Carrier Act.

Instead, whether Helderman, and drivers like him, fall under the Motor Carrier Exemption to the FLSA will be decided only on a showing by Defendants that the work performed by their drivers subjects the drivers to the Secretary of Transportation's power to establish qualifications and maximum hours of service. *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-97 (1974) (stating "the general rule [is] that the application of an exemption under the Fair Labor Standards Act is a matter of affirmative defense on which the employer has the burden of proof."); *Pyramid Motor Freight Corp. v. Ispass*, 330 U.S. 695, 706 (1947) (directing

4

district courts to determine whether the activities of the employees consisted of the kind of work defined in the Motor Carrier Act). At this early stage in the litigation, there is no evidence before the Court from which it could make a determination as to whether the drivers of Renee's Trucking are or are not exempt from the overtime pay requirements of the FLSA. In short, this issue cannot be decided on the pleadings. Therefore, the Court denies Defendants's Motion to Dismiss the FLSA claims.

Additionally, the Court will need to undertake the same factual inquiry into whether Helderman and those he purports to represent are exempt from the Illinois Minimum Wage Law as individuals subject to the power of the Secretary of Transportation to establish qualifications and maximum hours of service. Therefore, the Court will not dismiss Helderman's Illinois Minimum Wage Law claim at this point in the litigation either. Finally, because the FLSA claims are still properly before the Court, Plaintiff's pendant state law claims are also properly before the Court. Accordingly, the Court denies Defendants's Motion to Dismiss those claims.

## II. Statute of Frauds Defense

Defendants contend that Plaintiff's breach of contract claim must be dismissed because it is barred by the Statute of Frauds. The Illinois Statute of Frauds provides an affirmative defense to a contract action for any agreement that is incapable of being performed within one year by requiring the production of a writing evincing the contract signed by the party against whom enforcement is sought. 740 ILCS 80/1. There is no indication in the Complaint that the contract that the Defendants allegedly breached was incapable of being performed within one year.[2]

---

[2] Indeed, as Plaintiff points out, at-will employment contracts generally do not fall within the ambit of the Statute of Frauds, as they are indefinite in nature and, therefore, are capable of completion within one year. *See, e.g. Burns v. Asset Acceptance LLC*, 2006 WL 1647476 at *2 (N.D.Ill., 2006), *Czapla v. Commerz Fututes, LLC*, 114

Consequently, the Statute of Frauds does not require dismissal of Helderman's contract claim. Accordingly, the Court denies Defendants motion to dismiss on that basis.

## III. Class Actions Under FLSA and Rule 23

Defendants ask the Court to dismiss or strike the class action allegations in Count II of the Complaint, alleging violations of the Illinois Minimum Wage Law, because Defendants contend a class action brought under the Illinois Minimum Wage Act is necessarily incompatible with a collective action brought, as Count I is, under the FLSA.

Collective actions brought pursuant to the FLSA require that similarly situated potential plaintiffs "opt-in" to the litigation in order to be party to the action. 29 U.S.C. § 216(b). By contrast, for most class action claims, like the claims here based on Illinois law, the class ultimately certified by the Court may consist of all similarly situated individuals who do not "opt-out." Fed.R.Civ.P. 23. Defendants contend that the two differing methods of identifying the appropriate classes require that the Court dismiss Plaintiff's state law claims or strike the class action allegations. The authority cited by Defendants does not support this contention. While the court in *Rodriguez v. The Texan*, 2001 WL 1829490, * 2 (N.D.Ill., 2001), warned the plaintiff that he faced "an uphill burden in [his] effort to convert [his] individual claim into one of broader scope-except, of course, to the extent that any voluntary opt-ins by other Texan employees may bring about that result," it did not dismiss the plaintiff's claims. Rather the court in *Rodriguez* raised the issue of whether a class action was the superior method of adjudicating the non-FLSA claims. That is, whether the court should certify the class for the state claims. The Court will entertain the parties's arguments on the appropriateness of class certification and

---

F.Supp.2d 715 (N.D.Ill., 2000).

the appropriate class composition when it decides the pending Motion to Certify Class (Doc. 26). However, at this point in the proceedings, the Court will neither dismiss the claims nor strike the class action allegations.

## IV.     Statutes of Limitations

Finally, Defendants ask the Court to "dismiss" any claims for compensation by any class members brought for work performed outside the applicable statute of limitations for each claim. As Plaintiff's allegations state claims falling within the applicable statutes of limitations as defined by Defendants, the Court is puzzled by this request. If Defendants's argument is that the class, if certified, should consist only of individuals whose terms of employment fell within the time frames of the various statutes of limitations, or that the available compensatory damages must be limited to those that accrued within the statutory limits, the Court will consider motions to that effect at the appropriate stages in the litigation.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendants's Motion to Dismiss (Doc. 22).

**IT IS SO ORDERED.**
**DATED: May 29, 2008**

                                       s/ J. Phil Gilbert
                                       **J. PHIL GILBERT**
                                       **DISTRICT JUDGE**